The People of the State of Illinois ex rel. Pershing Palace, Appellee, v. William E. Dever et al., Appellants.

### Gen. No. 29,790.

Municipal corporations—*what constitutes dance hall requiring license.* Premises intended to be used as a restaurant having a total area of 16,000 square feet but in which dancing is to be permitted as an incident to the restaurant business, the space to be used for dancing in the central portion of the main floor being only 1,500 square feet, is not a dance hall within the meaning of clause (j) of section 448 of article III of chapter 17 of the Municipal Code of 1922 of the City of Chicago and the city authorities are not justified in refusing petitioner a license solely on the ground that the premises do not comply with the requirements for dance halls.

Appeal by defendants from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Affirmed. Opinion filed May 11, 1925. *Certiorari* denied by Supreme Court (making opinion final).

Francis X. Busch, for appellants; Albert. H. Veeder, Bernard A. Conlon and Patrick McEniff, of counsel.

John L. McInerney, for appellee.

Mr. Justice Johnston delivered the opinion of the court.

This is an appeal by the respondents, William E. Dever, Mayor of the City of Chicago, Al F. Gorman, City Clerk of the City of Chicago, and Frank E. Doherty, Commissioner of Buildings of the City of Chicago, from an order in a mandamus proceeding directing Frank E. Doherty, Commissioner of Buildings of the City of Chicago, to approve the application of the petitioner, the Pershing Palace, for a license to conduct a public place of amusement at the premises at 6400 Cottage Grove avenue, in the City of Chicago, and directing William E. Dever, Mayor of the City of Chicago, and Al F. Gorman, City Clerk of the City of Chicago, to issue a license to the petitioner to conduct a public place of amusement at the premises at 6400 Cottage Grove avenue.

The material parts of the petition are as follows:

"That on the 20th day of December, A. D. 1923, your petitioner entered into a lease in writing with the Garden Building Corporation, owners, for the entire second floor and a portion of the first floor of the premises 6400 Cottage Grove Avenue, Chicago, Illinois, for a term commencing December 31st, 1923, and ending December 31st, 1943, at a total term rental of four hundred ninety-eight thousand five hundred dollars ($498,500.00), and that said lease provided that said demised premises were to be used by your petitioner as a restaurant.

"That the building of which the demised premises are a part was constructed in the latter part of the year 1923, and the early part of the year 1924, and is a modern fire-proof structure, the portion of the

premises not demised to your petitioner being used for a hotel and store purposes; and before commencing the construction of said building, the plans thereof were submitted to the Commissioner of Buildings of the City of Chicago, and by him approved as being in full compliance with all the ordinances then in existence, with respect to such buildings; that the portion of said building demised to your petitioner was shown on said plan and the entire building including the demised premises was constructed in accordance with all the ordinances of the City of Chicago applicable thereto.

"That said demised premises consists of a main floor and balcony with a total area of sixteen thousand seventy-nine (16,079) square feet; that in the middle portion of the main floor of said demised premises, a floor which can be used for dancing has been constructed of the dimensions of thirty (30) feet by fifty (50) feet, or a total area of fifteen hundred (1500) square feet. And in the demised premises aforesaid, food is served and the general public is admitted, upon payment of an admission fee, and such public may engage in and witness dancing.     *     *     *

"That pursuant to the provisions of Article III of Chapter VIII of the Municipal Code of the City of Chicago of 1922, relating to Public Places of Amusement, and in compliance therewith, your petitioner duly applied for a license for a public place of amusement, on to-wit, the first day of January, A. D. 1924, for the term ending December 31st, 1924, and said application complied in all respects with all requirements of said Article III and with each and every ordinance then in effect and pertinent to such application; that thereafter such proceedings were had that said application was sent by the City Collector to the Superintendent of Police of the City of Chicago, to the Commissioner of Health of the City of Chicago, and to the Commissioner of Buildings of the City of Chicago; that said Superintendent of Police of the City of Chicago and said Commissioner of Health of the City of Chicago duly approved said application; that the Mayor of the said City of Chi-

cago approved said application, but that the Commissioner of Buildings refused to approve the same, on the sole ground that the building was a building of class 4B, as defined by the ordinances of the City of Chicago; and that the said demised premises did not comply with the ordinances of the City of Chicago governing buildings of class 4B.. That Clause J, Section 448 of Article III of Chapter 17 of the Chicago Municipal Code of 1922, is as follows:

" '(j) In class IVb shall be included every building having a parish hall, lodge hall, dance hall, banquet hall, skating rink, assembly halls, halls used for the purpose of instruction other than schools included in class VIII, and also every existing building having a hall used for theatrical purposes at the time of the passage of this ordinance, except such buildings as are included in classes IVa, IVc, IVd, and V; and that for said reason and none other, the Commissioner of Buildings has refused to approve of said application.'

"That the said demised premises do not comply with the provisions of the ordinances of the City of Chicago governing buildings of the class 4B, but said demised premises comply in every respect with all ordinances of the City of Chicago, and particularly with Chapters 17 and 39 of the Chicago Municipal Code of 1922, with reference to building and health, respectively; and that the place of business of your petitioner is not located in any block in which two-thirds (⅔) of the buildings on both sides of the street are used exclusively for residence purposes; that your petitioner has tendered to said City Collector the sum of one thousand dollars ($1,000.00) as and for the license fee, and is ready, able and willing to furnish bond for the issuance of said license, and generally to do and perform every act required of it in and about the procuring of said license.

"Notwithstanding the foregoing, the said Frank E. Doherty, Commissioner of Buildings of the City of Chicago, unlawfully and wrongfully refused and still refuses to approve the said application of your petitioner for the license aforesaid, and by virtue of such

failure to approve, Al F. Gorman, City Clerk of the City of Chicago, has refused and still refuses to issue said license as aforesaid; that your petitioner has invested in said demised premises upwards of fifty thousand dollars ($50,000.00) to fit the same for a restaurant.''

The answer of the respondents admits all of the material allegations of fact of the petition and avers that when the plans for the buildings of which the demised premises are a part were submitted to the Building Commissioner of the City of Chicago, the part of the building leased to the petitioner was shown on the plans as a restaurant; that the word ''restaurant'' was plainly marked thereon; that there was also marked thereon the words, ''not to be used for cabaret or theatrical performances.''

The petitioner filed a general demurrer to the answer of the respondents. The court sustained the demurrer and the respondents elected to stand by their answer. The court thereupon issued the writ of mandamus.

The only question presented for decision is whether the use, as described in the petition, that the petitioner intends to make of the part of the building leased to the petitioner constitutes the building as one having a dance hall within the meaning of clause (j) of section 448 of article III of chapter 17 of the Municipal Code of 1922 of the City of Chicago.

We are of the opinion that the intended use of the part of the building leased to the petitioner would not constitute the building as one having a dance hall within the meaning of clause (j). A dance hall, as contemplated by clause (j), in our view, would be a public hall specifically devoted to dancing, not necessarily used exclusively for dancing but primarily and predominantly so used. We recognize that there would be instances where it would be difficult to say with certainty that a hall used for dancing in connection with other purposes was or was not a dance hall.

In other words, where a hall was used for dancing and also for other purposes, the extent of the different uses might be so nearly equal that reasonably it could not be determined what was the decided character of the hall. But in the case at bar the use as a restaurant of the part of the building leased to the petitioned largely preponderates over the use for dancing. The line of demarcation between the two uses is clear and distinct. The decided predominant use is that of a restaurant. The use for dancing is an incident in comparison with the principal use as a restaurant. The petition expressly alleges that the part of the building leased to the petitioner "consists of a main floor and balcony with a total area of sixteen thousand seventy-nine (16,079) square feet; that in the middle portion of the main floor of said demised premises, a floor which can be used for dancing has been constructed of the dimensions of thirty (30) feet by fifty (50) feet, or a total area of fifteen hundred (1500) square feet."

The question whether the petitioner would be conducting a public place of amusement within the meaning of article III of chapter VIII of the Municipal Code of 1922, of the City of Chicago, relating to public places of amusement is not in dispute. The petition alleges that the petitioner has applied for a license to conduct a public place of amusement, and that the petitioner has complied with the provisions of the ordinance relating to public places of amusement. The answer of the respondents admits these allegations.

The order of the trial court issuing the writ of mandamus is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.